*1016 OPINION.
Trammell :
The expenditure of $4,243.90 to the Edward J. McCormick Co. as compensation for services in carrying on the selling campaign in an effort to sell the petitioner’s capital stock is not an ordinary and necessary expense. See C. H. Lilly Co., 2 B. T. A. 1058; Emerson Electric Manufacturing Co., 3 B. T. A. 932; Simmons Co., 8 B. T. A. 631. Nor in our opinion does the difference between the amount paid for conducting the stock-selling campaign and the *1017 arnouni received from the stock subscriptions constitute a deductible loss.
The fact that the results of the services failed to reach the expectations of the petitioner is not material and does -not alter the legal principles involved. The services performed were in connection with capital and the expenditures were capital expenditures. We see no legal distinction between the payment of commissions for the sale of stock and the payment for services in selling stock or undertaking to sell it. In either case the payment is in connection with the acquisition of capital. The mere fact that the result sought was not obtained is not a basis for a deductible loss. A taxpayer might purchase a capital asset at an amount in excess of its actual value, but this does not give l'ise to a deductible loss in the acquisition.
We are, therefore, of the opinion that no loss resulted from this transaction which is deductible from gross income either in 1922, 3923, or 1924.
During- the years 1922 and 1923 the hospital was in the course of construction and the petitioner expended $972.93 for stenographic hire, office supplies, etc., which related directly to the construction of the hospital or to the collection of stock subscriptions. The expenditures were for correspondence with contractors and architects, and other miscellaneous items which are an additional cost of the building. That portion of the expenditures which related to collection of stock subscriptions also deals with capital to the same extent as expenses incurred in the sale of the stock, and is not a deductible item of expense. We, therefore, are of the opinion that of the $1,200.47, $972.93 consisted of items which were not ordinary and necessary expenses or losses and, therefore, were not deductible in 1922 or 1923. *
The balance of $227.54 was expended for state, county and municipal taxes. We have held that taxes are deductible in the year when paid or accrued. Ottawa Park Realty Co., 5 B. T. A. 474; Pacific Coast Redwood Co., 5 B. T. A. 423. The only question then remaining is whether or not such expenditures resulted in net losses contemplated by section 206 (e) and (f) of the Bevenue Act of 1924 as computed under the Bevenue Act of 1921. Section 204 (a) of the Bevenue Act of 1921 provides:
That as used in this section the term “ net loss ” means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer.
Section 206 (d) (1) of the Bevenue Act of 1924 provides:
As used in this section the term “ net loss ” means the excess of the deductions allowed by section 214 or 234 over the gross income, with the following exceptions and limitations;
*1018 (1) Deductions otherwise allowed by law not attributable to the operations of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business.
From the above provisions of the Revenue Acts of 1921 and 1924 it is clear that the loss must result from the “ operation of a trade or business regularly carried on by the taxpayer.” The petitioner during the years 1922 and 1923 was not actually engaged in carrying on a trade or business. It was merely making preparations to carry on its business and was in the process of erecting a hospital for that purpose. Under these conditions in our opinion the petitioner does not come within the provisions of section 206 (e) and (f) of the Revenue Act of 1924 and may not deduct in the year 1924 any amounts expended during the years 1922 and 1923 for taxes which may have been deductible from income in those years under the Revenue Act of 1921. Accordingly, the action of the Commissioner in refusing to permit the petitioner to deduct as a net loss from income during the year 1924 either $3,332.90, or $1,200.41, or any part thereof is approved.
Reviewed by the Board.

Judgment will be entered under Rule 50.

Phillips and MillikeN dissent.